1  Irene Karbelashvili, State Bar Number 232223
   Law Office of Irene Karbelashvili
2  12 South First Street, Suite 413
   San Jose, CA 95113
3  Telephone: (408) 295-0137
   Fax: (408) 295-0142
4

5  Kenneth J. Pinto, State Bar Number 221422
   Law Office of Kenneth J. Pinto
6  12 South First Street, Suite 713
   San Jose, CA 95113
7  Telephone: (408) 289-1765
   Fax: (408) 289-1754
8

9  Attorneys for RICHARD JOHNSON, Plaintiff

10

**Filed** *Paid*
*5t*

JAN 2 2 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

⑤

11              **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14   RICHARD JOHNSON,<br>            Plaintiff, | Case No. **CV 13 - 0295** **PSG** |
| 15   | *Civil Rights* |
| 16   vs. | |
| 17   WHOLE FOODS MARKET<br>CALIFORNIA, INC., d/b/a WHOLE<br>18   FOODS MARKET; RITE AID<br>CORPORATION, d/b/a/ RITE AID;<br>19   COLG, L.P., a/k/a CORNERSTONE OF<br>20   LOS GATOS and DOES 1-20,<br>            Defendants. | **COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND § 55; AND HEALTH & SAFETY CODE §§ 19955 ET SEQ.); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990** |

27

28  Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51,
52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans
with Disabilities Act of 1990

# I. SUMMARY

1. This is a civil rights action by plaintiff Richard Johnson ("Johnson") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complexes known as:

Whole Foods Market

15980 Los Gatos Boulevard

Los Gatos, California 95032

(hereafter "Whole Foods Facility")


Rite Aid

15920 Los Gatos Boulevard

Los Gatos, California 95032

(hereafter "Rite Aid facility")


Cornerstone of Los Gatos

15920-16000 Los Gatos Boulevard

Los Gatos, California 95032

(hereafter "Mall Facility")

(collectively, "Facilities")

2. Pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 *et seq.)*, and related California statutes, Johnson seeks damages, injunctive and declaratory relief, and attorney fees and costs, against:

- Whole Foods Market California, Inc., a California corporation, d/b/a Whole Foods Market; (hereinafter the "Whole Foods Defendants");
- Rite Aid Corporation, a Delaware corporation, d/b/a Rite Aid (hereinafter the "Rite Aid Defendants");

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 2 of 26

- COLG, L.P. a/k/a Cornerstone of Los Gatos, (hereinafter the "Cornerstone of Los Gatos Defendants").

- DOES 1-20 (hereinafter the "DOES 1-20 Defendants")

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law--arising from the same nucleus of operative facts--is predicated on 28 U.S.C. § 1367.

5. Johnson's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7. The Whole Foods Defendants own, operate, manage, and/or lease the Whole Foods Facility, and consist of a person (or persons), firm, and/or corporation.

8. The Rite Aid Defendants own, operate, manage, and/or lease the Rite Aid Facility, and consist of a person (or persons), firm, and/or corporation.

9. The Cornerstone of Los Gatos Defendants own, operate, manage, and/or lease the Mall Facility, and consist of a person (or persons), firm, and/or corporation.

10. Does 1-20 Defendants own, operate, manage, and/or lease the Mall Facility, and consist of a person (or persons), firm, and/or corporation.

11. Johnson is a paraplegic who is unable to walk or stand, and requires the use of a wheelchair when traveling about in public. Consequently, Johnson is "physically disabled,"

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 3 of 26

1    as defined by all applicable California and United States laws, and a member of the public

2    whose rights are protected by these laws.

3

## V. FACTS

4

5    12. The Whole Foods Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

6

7    13. The Rite Aid Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

8

9    14. The Mall Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10

11   15. Johnson visited the Facilities and encountered barriers (both physical and

12   intangible) that interfered with--if not outright denied--his ability to use and enjoy the goods,

13   services, privileges, and accommodations offered at all of the facilities.

14   16. To the extent known by Johnson, the barriers at the Whole Foods Facility

15   included, but are not limited to, the following:

16   • Seating area in food court does not have ADA parking that prevents Johnson from

17      using it;

18   • Counter in food court is higher than 34" that makes it difficult for Johnson to reach it;

19   • Outside tables does not have ADA seating that makes them inaccessible to him;

20   • Counter seating does not have ADA seating that makes it inaccessible for Johnson

        because it is too high;
21
     • Restroom door sign does not have contrasting colors;
22
     • No ADA sign on latch side of restroom door;
23
     • No exit sign with Braille at exit door in food court area;
24
     • Bathroom paper towels requires tight grasping and needs twisting to release the paper
25
        towel;
26
     • Coat hanger is higher than 48" that makes it difficult for Johnson to reach and use;
27

28   Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 4 of 26

- No 48" space in front of WC making it difficult for Johnson to maneuver to transfer from wheelchair to the toilet seat;
- Garbage can blocks clear floor space, thus making it difficult for Johnson to maneuver;
- No 5' turning space in bathroom, thus making it difficult for Johnson to maneuver within;
- No 28" min space between WC and sink thus making it difficult for Johnson to maneuver to transfer to toilet seat;
- Rear grab bar is not 12- 24" from center of WC that makes for Johnson unusable;
- WC flush activator on narrow side of WC that makes it beyond Johnson's reach; it is dangerous for him to reach above the WC and flush;
- There is no ADA sign on deli door that would indicate to Johnson that the area is intended to be accessible to him.

These barriers prevented Johnson from enjoying full and equal access at the Whole Foods Facility.

17. Johnson was also deterred from visiting the Whole Foods Facility because he knew that the Whole Foods Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Whole Foods Facility because of the future threats of injury created by these barriers.

18. To the extent known by Johnson, the barriers at the Rite Aid Facility included, but are not limited to, the following:

- Open register was blocked by display cases, thus making it inaccessible;
- Men's bathroom has no clear space on push side of the door due to cabinet thus; making it difficult for Johnson to maneuver within
- Bathroom door opens at clear space of a sink making it dangerous for Johnson to use it;

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 5 of 26

- Garbage can blocks the 60" clear space on pull side of the door making it impossible for Johnson to transfer from his wheelchair to the toilet seat.

These barriers prevented Johnson from enjoying full and equal access at the Rite Aid Facility.

19. Johnson was also deterred from visiting the Rite Aid Facility because he knew that the Rite Aid Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Rite Aid Facility because of the future threats of injury created by these barriers.

20. To the extent known by Johnson, the barriers at the Mall Facility included, but are not limited to, the following:

- Side Parking access aisle has illegal built up curb ramps thus making dangerous for Johnson to dismount from his vehicle;
- Side Parking access aisle striping lines are over 36" distance;
- Side parking No "$250" fine sign in parking areas;
- No truncated domes when path of travel cross vehicular path;
- No truncated domes on front curb cuts;
- Front parking No "$250" fine sign in parking areas;
- No path of travel from public right of way;
- Parking slope has a slope over 2%- 3.9% making it dangerous for Johnson to use because the wheelchair can roll backwards while he is dismounting from his vehicle
- Curb ramp is not different in color from sidewalk;
- Curb top landing is blocked by carts making it unusable for Johnson;
- Curb side slope is over 10% -15.7% thus making it dangerous for Johnson;
- Curb  slope is over 8.33% -9.8% thus making it dangerous for Johnson;
- Connecting path of travel from Rite Aid Facility to Whole Foods Facility has a ramp with no railings that prevents Johnson to pull himself up if he needs;

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 6 of 26

- Connecting path of travel from rite aid to whole foods has a ramp with 3% cross slope that can cause Johnson to fall sideways;
- Parking count for both Rite Aid Facility and Whole Foods Facility appears low.

These barriers prevented Johnson from enjoying full and equal access at the Mall Facility.

21. Johnson was also deterred from visiting the Mall Facility because he knew that the Mall Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Entire Brea Mall Facility because of the future threats of injury created by these barriers.

22. Johnson also encountered barriers at the Facilities which violate state and federal law, but were unrelated to his disability. Nothing within this Complaint, however, should be construed as an allegation that Johnson is seeking to remove barriers unrelated to his disability.

23. The Whole Foods Defendants knew that these elements and areas of the Whole Foods Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, the Whole Foods Defendants have the financial resources to remove these barriers from the Whole Foods Facility (without much difficulty or expense), and make the Whole Foods Facility accessible to the physically disabled. To date, however, the Whole Foods Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

24. At all relevant times, the Whole Foods Defendants have possessed and enjoyed sufficient control and authority to modify the Whole Foods Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. The Whole Foods Defendants have not removed such impediments and have not modified the Whole Foods Facility to conform to accessibility standards.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 7 of 26

25. The Rite Aid Defendants knew that these elements and areas of the Rite Aid Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, the Rite Aid Defendants have the financial resources to remove these barriers from the Rite Aid Facility (without much difficulty or expense), and make the Rite Aid Facility accessible to the physically disabled. To date, however, the Rite Aid Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

26. At all relevant times, the Rite Aid Defendants have possessed and enjoyed sufficient control and authority to modify the Rite Aid Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. The Rite Aid Defendants have not removed such impediments and have not modified the Rite Aid Facility to conform to accessibility standards.

27. The Cornerstone of Los Gatos Defendants knew that these elements and areas of the Mall Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, the Cornerstone of Los gatos Defendants have the financial resources to remove these barriers from the Mall Facility (without much difficulty or expense), and make the Mall Facility accessible to the physically disabled. To date, however, the Mall Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

28. At all relevant times, the Cornerstone of Los Gatos Defendants have possessed and enjoyed sufficient control and authority to modify the Mall Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. The Mall Defendants have not removed such impediments and have not modified the Mall Facility to conform to accessibility standards.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 8 of 26

# VI. FIRST CLAIM

## Americans with Disabilities Act of 1990
### *Denial of "Full and Equal" Enjoyment and Use*
### (The Whole Foods Facility)

29. Johnson incorporates the allegations contained in paragraphs 1 through 28 for this claim.

30. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

31. The Whole Foods Defendants discriminated against Johnson by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Whole Foods Facility during each visit and each incident of deterrence.

### *Failure to Remove Architectural Barriers in an Existing Facility*

32. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

33. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

34. Here, Johnson alleges that the Whole Foods Defendants can easily remove the architectural barriers at the Whole Foods Facility without much difficulty or expense, and that the Whole Foods Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 9 of 26

35. In the alternative, if it was not "readily achievable" for the Whole Foods Defendants to remove the Whole Foods Facility's barriers, then the Whole Foods Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### *Failure to Design and Construct an Accessible Facility*

36. On information and belief, the Whole Foods Facility was designed or constructed (or both) after January 26, 1992-independently triggering access requirements under Title III of the ADA.

37. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

38. Here, the Whole Foods Defendants violated the ADA by designing or constructing (or both) the Whole Foods Facility in a manner that was not readily accessible to the physically disabled public--including Johnson--when it was structurally practical to do so.

### *Failure to Make an Altered Facility Accessible*

39. On information and belief, the Whole Foods Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

40. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

41. Here, the Whole Foods Defendants altered the Whole Foods Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public--including Johnson--to the maximum extent feasible.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 10 of 26

*Failure to Modify Existing Policies and Procedures*

42. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

43. Here, the Whole Foods Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Whole Foods Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

44. Johnson seeks all relief available under the ADA (*i.e.,* injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

45. Johnson also seeks a finding from this Court (*i.e.,* declaratory relief) that the Whole Foods Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM
### Disabled Persons Act
### (The Whole Foods Facility)

46. Johnson incorporates the allegations contained in paragraphs 1 through 45 for this claim.

47. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

48. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

---

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 11 of 26

49. Both sections specifically incorporate (by reference) an individual's rights under the ADA. *See* Civil Code § § 54(c) and 54.1 (d).

50. Here, the Whole Foods Defendants discriminated against the physically disabled public--including Johnson--by denying them full and equal access to the Whole Foods Facility. The Whole Foods Defendants also violated Johnson's rights under the ADA, and, therefore, infringed upon or violated (or both) Johnson's rights under the Disabled Persons Act.

51. *For each offense* of the Disabled Persons Act, Johnson seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

52. She also seeks to enjoin the Whole Foods Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM
### Unruh Civil Rights Act
### (The Whole Foods Facility)

53. Johnson incorporates the allegations contained in paragraphs 1 through 52 for this claim.

54. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

55. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 12 of 26

56. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

57. The Whole Foods Defendants' aforementioned acts and omissions denied the physically disabled public--including Johnson--full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

58. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Johnson by violating the Unruh Act.

59. Johnson was damaged by the Whole Foods Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) *for each offense.*

60. Johnson also seeks to enjoin the Whole Foods Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM
### Denial of Full and Equal Access to Public Facilities
### (The Whole Foods Facility)

61. Johnson incorporates the allegations contained in paragraphs 1 through 60 for this claim.

62. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

63. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

64. Johnson alleges the Whole Foods Facility is a public accommodation constructed,

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 13 of 26

altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Whole Foods Facility was not exempt under Health and Safety Code § 19956.

65. The Whole Foods Defendants' non-compliance with these requirements at the Whole Foods Facility aggrieved (or potentially aggrieved) Johnson and other persons with physical disabilities. Accordingly, she seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. FIFTH CLAIM
### Americans with Disabilities Act of 1990
### *Denial of "Full and Equal" Enjoyment and Use*
### (The Rite Aid Facility)

66. Johnson incorporates the allegations contained in paragraphs 1 through 65 for this claim.

67. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

68. The Rite Aid Defendants discriminated against Johnson by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Rite Aid Facility during each visit and each incident of deterrence.

### *Failure to Remove Architectural Barriers in an Existing Facility*

69. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

70. When an entity can demonstrate that removal of a barrier is not readily

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 14 of 26

achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

71. Here, Johnson alleges that the Rite Aid Defendants can easily remove the architectural barriers at the Rite Aid Facility without much difficulty or expense, and that the Rite Aid Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

72. In the alternative, if it was not "readily achievable" for the Rite Aid Defendants to remove the Rite Aid Facility's barriers, then the Rite Aid Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### *Failure to Design and Construct an Accessible Facility*

73. On information and belief, the Rite Aid Facility was designed or constructed (or both) after January 26, 1992--independently triggering access requirements under Title III of the ADA.

74. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

75. Here, the Rite Aid Defendants violated the ADA by designing or constructing (or both) the Rite Aid Facility in a manner that was not readily accessible to the physically disabled public--including Johnson--when it was structurally practical to do so.

### *Failure to Make an Altered Facility Accessible*

76. On information and belief, the Rite Aid Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

77. The ADA also requires that facilities altered in a manner that affects (or could

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 15 of 26

1    affect) its usability must be made readily accessible to individuals with disabilities to the

2    maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's

3    primary function also requires adding making the paths of travel, bathrooms, telephones, and

4    drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

5        78. Here, the Rite Aid Defendants altered the Rite Aid Facility in a manner that

6    violated the ADA and was not readily accessible to the physically disabled public--including

7    Johnson--to the maximum extent feasible.

8

9                        ***Failure to Modify Existing Policies and Procedures***

         79. The ADA also requires reasonable modifications in policies, practices, or

10   procedures, when necessary to afford such goods, services, facilities, or accommodations to

11   individuals with disabilities, unless the entity can demonstrate that making such

12   modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

13

14       80. Here, the Rite Aid Defendants violated the ADA by failing to make reasonable

     modifications in policies, practices, or procedures at the Rite Aid Facility, when these

15   modifications were necessary to afford (and would not fundamentally alter the nature of)

16   these goods, services, facilities, or accommodations.

17

18       81. Johnson seeks all relief available under the ADA (*i.e.,* injunctive relief, attorney

     fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

19

20       82. Johnson also seeks a finding from this Court (*i.e.,* declaratory relief) that the Rite

     Aid Defendants violated the ADA in order to pursue damages under California's Unruh Civil

21   Rights Act or Disabled Persons Act.

22

23

24                                **XI. SIXTH CLAIM**
                                **Disabled Persons Act**
25                                **(The Rite Aid Facility)**

26       83. Johnson incorporates the allegations contained in paragraphs 1 through 82 for this

27

28   Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
     Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51,
     52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans
     with Disabilities Act of 1990
     Page 16 of 26

claim.

84. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

85. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

86. Both sections specifically incorporate (by reference) an individual's rights under the ADA. *See* Civil Code § § 54(c) and 54.1 (d).

87. Here, the Rite Aid Defendants discriminated against the physically disabled public--including Johnson--by denying them full and equal access to the Rite Aid Facility. The Rite Aid Defendants also violated Johnson's rights under the ADA, and, therefore, infringed upon or violated (or both) Johnson's rights under the Disabled Persons Act.

88. *For each offense* of the Disabled Persons Act, Johnson seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

89. She also seeks to enjoin the Rite Aid Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## XII. SEVENTH CLAIM
### Unruh Civil Rights Act
### (The Rite Aid Facility)

90. Johnson incorporates the allegations contained in paragraphs 1 through 89 for this claim.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 17 of 26

91. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

92. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

93. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

94. The Rite Aid Defendants' aforementioned acts and omissions denied the physically disabled public-including Johnson-full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

95. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Johnson by violating the Unruh Act.

96. Johnson was damaged by the Rite Aid Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) *for each offense.*

97. Johnson also seeks to enjoin the Rite Aid Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### XIII. EIGHTH CLAIM
**Denial of Full and Equal Access to Public Facilities**
**(The Rite Aid Facility)**

98. Johnson incorporates the allegations contained in paragraphs 1 through 97 for this claim.

99. Health and Safety Code § 19955(a) states, in part, that: California public

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 18 of 26

accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

100. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

101. Johnson alleges the Rite Aid Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Rite Aid Facility was not exempt under Health and Safety Code § 19956.

102. The Rite Aid Defendants' non-compliance with these requirements at the Rite Aid Facility aggrieved (or potentially aggrieved) Johnson and other persons with physical disabilities. Accordingly, she seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

### XIV. NINTH CLAIM
### Americans with Disabilities Act of 1990
### *Denial of "Full and Equal" Enjoyment and Use*
### (The Mall Facility)

103. Johnson incorporates the allegations contained in paragraphs 1 through 102 for this claim.

104. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

105. The Cornerstone of Los Gatos Defendants discriminated against Johnson by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Mall Facility during each visit and each incident of deterrence.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 19 of 26

### *Failure to Remove Architectural Barriers in an Existing Facility*

106. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.*§ 12181(9).

107. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

108. Here, Johnson alleges that the Entire Brea Mall Defendants can easily remove the architectural barriers at the Mall Facility without much difficulty or expense, and that the Cornerstone of Los Gatos Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

109. In the alternative, if it was not "readily achievable" for the Cornerstone of Los Gatos to remove the Mall Facility's barriers, then the Cornerstone of Los Gatos Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### *Failure to Design and Construct an Accessible Facility*

110. On information and belief, the Mall Facility was designed or constructed (or both) after January 26, 1992--independently triggering access requirements under Title III of the ADA.

111. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

112. Here, the Mall Defendants violated the ADA by designing or constructing (or

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 20 of 26

both) the Mall Facility in a manner that was not readily accessible to the physically disabled public--including Johnson--when it was structurally practical to do so.[31]

### *Failure to Make an Altered Facility Accessible*

113. On information and belief, the Mall Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

114. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

115. Here, the Cornerstone of Los Gatos Defendants altered the Mall Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public--including Johnson--to the maximum extent feasible.

### *Failure to Modify Existing Policies and Procedures*

116. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

117. Here, the Cornerstone of Los Gatos Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Mall Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

118. Johnson seeks all relief available under the ADA (*i.e.,* injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

119. Johnson also seeks a finding from this Court (*i.e.,* declaratory relief) that the

---

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 21 of 26

1  Cornerstone of Los Gatos Defendants violated the ADA in order to pursue damages under

2  California's Unruh Civil Rights Act or Disabled Persons Act.

3

4

5                           **XV. TENTH CLAIM**
                            **Disabled Persons Act**
6                           **(The Mall Facility)**

7       120. Johnson incorporates the allegations contained in paragraphs 1 through 119 for

8  this claim.

9       121. California Civil Code § 54 states, in part, that: Individuals with disabilities have

10  the same right as the general public to the full and free use of the streets, sidewalks,

11  walkways, public buildings and facilities, and other public places.

12       122. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities

13  shall be entitled to full and equal access to accommodations, facilities, telephone facilities,

14  places of public accommodation, and other places to which the general public is invited.

15       123. Both sections specifically incorporate (by reference) an individual's rights under

16  the ADA. *See* Civil Code §§ 54(c) and 54.1 (d).

17

18       124. Here, the Cornerstone of Los Gatos Defendants discriminated against the

19  physically disabled public--including Johnson--by denying them full and equal access to the

20  Mall Facility. The Cornerstone of Los Gatos Defendants also violated Johnson's rights under

21  the ADA, and, therefore, infringed upon or violated (or both) Johnson's rights under the

    Disabled Persons Act.

22

23       125. For each offense of the Disabled Persons Act, Johnson seeks actual damages

24  (both general and special damages), statutory minimum damages of one thousand dollars

25  ($1,000), declaratory relief, and any other remedy available under California Civil Code §

    54.3.

26

27       126. She also seeks to enjoin the Mall Defendants from violating the Disabled

28  Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51,
52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans
with Disabilities Act of 1990
Page 22 of 26

1   Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable

2   attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

3

4

5                          **XVI. ELEVENTH CLAIM**
                           **Unruh Civil Rights Act**
6                           **(The Mall Facility)**

7       127. Johnson incorporates the allegations contained in paragraphs 1 through 126 for

8   this claim.

9       128. California Civil Code § 51 states, in part, that: All persons within the jurisdiction

10  of this state are entitled to the full and equal accommodations, advantages, facilities,

11  privileges, or services in all business establishments of every kind whatsoever.

12      129. California Civil Code § 51.5 also states, in part, that: No business establishment

13  of any kind whatsoever shall discriminate against any person in this state because of the

14  disability of the person.

15      130. California Civil Code § 51(f) specifically incorporates (by reference) an

16  individual's rights under the ADA into the Unruh Act.

17
    131. The Cornerstone of Los Gatos Defendants' aforementioned acts and omissions
18
    denied the physically disabled public--including Johnson--full and equal accommodations,
19
    advantages, facilities, privileges and services in a business establishment (because of their
20
    physical disability).
21
        132. These acts and omissions (including the ones that violate the ADA) denied,
22
    aided or incited a denial, or discriminated against Johnson by violating the Unruh Act.
23
        133. Johnson was damaged by the Cornerstone of Los Gatos Defendants' wrongful
24
25  conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) *for each*

26  *offense.*

27

28
Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51,
52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans
with Disabilities Act of 1990
Page 23 of 26

134. Johnson also seeks to enjoin the Cornerstone of Los Gatos Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XVII. TWELFTH CLAIM
### Denial of Full and Equal Access to Public Facilities
### (The Mall Facility)

135. Johnson incorporates the allegations contained in paragraphs 1 through 134 for this claim.

136. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

137. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

138. Johnson alleges the Mall Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Mall Facility was not exempt under Health and Safety Code § 19956.

139. The Mall Defendants' non-compliance with these requirements at the Mall Facility aggrieved (or potentially aggrieved) Johnson and other persons with physical disabilities. Accordingly, she seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## PRAYER FOR RELIEF

WHEREFORE, Johnson prays judgment against the Whole Foods Defendants for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that the Whole Foods violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.

5. Interest at the legal rate from the date of the filing of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Johnson prays judgment against the Rite Aid Defendants for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that the Rite Aid Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.

5. Interest at the legal rate from the date of the filing of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Johnson prays judgment against the Cornerstone of Los Gatos Defendants for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that the Cornerstone of Los Gatos Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

1     3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California

2   Civil Code (but not both) according to proof.

3     4. Attorneys' fees, litigation expenses, and costs of suit.

4

5     5. Interest at the legal rate from the date of the filing of this action.

6

7

8   Dated:  _01-22-13_             _____

9                              Irene Karbelashvili, Attorney for
                                 Plaintiff Richard Johnson

10

11

12

13                   ***DEMAND FOR JURY***

14   Plaintiff hereby demands a jury for all claims for which a jury is permitted.

15

16   Dated:  _01-22-13_             _____

17                                  Irene Karbelashvili, Attorney for
                                 Plaintiff Richard Johnson

18

19

20

21

22

23

24

25

26

27

28